AO 241
(Rev. 10/07)

Page 2

LEGAL MAIL
Provided to Wakulla CI
MAR 9 2023
for mailing

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Northern District of Florida |
|---|---|
| Name (under which you were convicted): Michael D. Phillips | Docket or Case No.: 4:23cv102— WS/ZCB 2016-300068CFDB |
| Place of Confinement: Florida Dept of Corrections | Prisoner No.: V52627 |
| Petitioner (include the name under which you were convicted) Michael D. Phillips | v. Respondent (authorized person having custody of petitioner) State of Florida |
| The Attorney General of the State of Florida | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
Volusia county Seventh Judicial Circuit 101 N. Alabama Ave Po Box 6043 Deland Fl 32721-6043

   (b) Criminal docket or case number (if you know): 2016-300068-CFDB

2. (a) Date of the judgment of conviction (if you know): 6/2/17

   (b) Date of sentencing: 6/2/17

3. Length of sentence: 30 years x2, Natural life, 514 days credit

4. In this case, were you convicted on more than one count or of more than one crime? ☑ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: Attempt First degree Murder x2, Burglary with battery, Petit theft

6. (a) What was your plea? (Check one)
   ☐ (1) Not guilty   ☑ (3) Nolo contendere (no contest)
   ☐ (2) Guilty       ☐ (4) Insanity plea

AO 241
(Rev. 10/07)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _I plead no contest in an open plea to get a downward departure_

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury ☑ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes ☐ No

9. If you did appeal, answer the following:

(a) Name of court: _Fifth District Court of Appeals_

(b) Docket or case number (if you know): _5D 21-1362_

(c) Result: _PCA_

(d) Date of result (if you know): _Oct 29, 2021_

(e) Citation to the case (if you know):

(f) Grounds raised: _Violation of Due Process, violation of 8th Amendment, Prosecutorial Misconduct, violation of 6th Amendment, violation of 4th Amendment, Malicious Prosecution._

(g) Did you seek further review by a higher state court? ☑ Yes ☐ No

If yes, answer the following:

(1) Name of court: _Supreme Court of Florida_

(2) Docket or case number (if you know): _SC 22-531_

(3) Result: _Dismissed_

(4) Date of result (if you know): _April 22, 2022_

AO 241
(Rev. 10/07)

(5) Citation to the case (if you know): ?

(6) Grounds raised: Violation of Due Process, Cruel and unusual punishment, Prosecutorial Misconduct, violation of 6th Amendment, violation of 4th Amendment, Malicious Prosecution,

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☒ Yes  ☐ No

If yes, answer the following:

(1) Docket or case number (if you know): 21-8287

(2) Result: Denied

(3) Date of result (if you know): October 3, 2022

(4) Citation to the case (if you know): ?

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☒ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: The Seventh Judicial Circuit

(2) Docket or case number (if you know): 5D22-2634

(3) Date of filing (if you know): 7/11/2022

(4) Nature of the proceeding: 3.800 correct Illegal Sentence

(5) Grounds raised: Due Process, fundamental error

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes  ☒ No

(7) Result: P.C.A.

(8) Date of result (if you know): January 3, 2023

AO 241
(Rev. 10/07)

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised:

_____
_____
_____
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised:

_____
_____
_____
_____
_____
_____

AO 241
(Rev. 10/07)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☑ Yes   ☐ No
(2) Second petition: ☐ Yes   ☐ No
(3) Third petition:  ☐ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: Violation of Due Process, burden of proving facts sufficient to satisfy each element.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The prosecution has the burden of proving facts sufficient to satisfy each element of the charged crime. If the prosecution fails to meet these burdens with respect to any one element a defendant should be found not guilty of that crime. The never proved premeditation to satisfy the element of First degree.

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

AO 241
(Rev. 10/07)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: _My Appellant attorney Said I had no merit_

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _3.850_

Name and location of the court where the motion or petition was filed: _Volusia County PO Box 6043 Deland Fl 32721-6043_

Docket or case number (if you know): _2016-300068 CFDB_

Date of the court's decision: _3/30/20_

Result (attach a copy of the court's opinion or order, if available): _(See Attached)_

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No
(4) Did you appeal from the denial of your motion or petition?   ☑ Yes   ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _Fifth DCA 300 South Beach Street Daytona Beach Fl 32114-5002_

Docket or case number (if you know): _5D21-1362_

Date of the court's decision: _10/29/2021_

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241
(Rev. 10/07)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: 3.800, writ of Certiorari to FSC, and SCOTUS

**GROUND TWO:** Violation of Due process by not adhearing to Rule 3.210 for defendants mental state

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
The Judge has an independent duty under both case law and Fla. R. Crim. P. 3.210 to determine the competency of a defendant to stand trial, failure to do so would deny his/her constitutional right to a fair trial. I never was seen by no fewer than two doctors or no more than three. I never had a competency hearing where there was reasonable doubt and is reserved on the record.

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

(c)  **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: My Appellant Attorney Said I had no merit

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☑ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:
Type of motion or petition: 3.850
Name and location of the court where the motion or petition was filed: Volusia County PO Box 6043 Deland Fl 32721-6043
Docket or case number (if you know): 2016-300068 CFDB
Date of the court's decision: 3/30/20

AO 241
(Rev. 10/07)

Result (attach a copy of the court's opinion or order, if available): *(See Attached)*

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *Fifth DCA 300 South Beach Street Daytona Beach Fl 32114-5002*

Docket or case number (if you know): *5D21-1362*

Date of the court's decision: *10/29/2021*

Result (attach a copy of the court's opinion or order, if available): ___

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two *3.800, Writ of Certiorari to FSC, SCOTUS*

**GROUND THREE:** *Cruel and or unusual Punishment*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*The Punishment must fit the crime, the Punishment for a crime should be evaluate and proportioned to both the offender and the offense. Youth matters in determining the appropriateness of a lifetime of incarceration without possibility of parole, an offenders age is relevant to the 8th Amendment and failure to take account of all would be Flawed. Defendant was 19 y.o.*

AO 241
(Rev. 10/07)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: *Appellant Attorney Said I had no merit*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *3.850*

Name and location of the court where the motion or petition was filed: *Volusia County PO Box 6043 Deland Fl 32721-6043*

Docket or case number (if you know): *2016-300068-CFDB*

Date of the court's decision: *3/30/20*

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?  ☑ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☑ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *5th DCA 300 South Beach Street Daytona Beach Fl 32114-5002*

Docket or case number (if you know): *5D21-1362*

Date of the court's decision: *10/29/2021*

Result (attach a copy of the court's opinion or order, if available): _____

AO 241
(Rev. 10/07)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: 3.800, Writ of Certiorori to FSC and SCOTUS

**GROUND FOUR:** Violation of 6th Amendment

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Counsel should fully discuss potential strategies and tactical choices advising the client of his or her rights, and taking all actions necessary to preserve them. Representation should proceed under guidance of these minimal duties. Counsel never put in a notice of insanity defense when doubt was raised nor did she place an order to be viewed by no fewer then two no more then three doctors.

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

(c) **Direct Appeal of Ground Four:**
(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☑ No
(2) If you did not raise this issue in your direct appeal, explain why: My Appellant Attorney said I had no merit

(d) **Post-Conviction Proceedings:**
(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☑ Yes   ☐ No
(2) If your answer to Question (d)(1) is "Yes," state:
Type of motion or petition: 3.850

AO 241
(Rev. 10/07)

Name and location of the court where the motion or petition was filed: **Volusia County PO Box 6043 Deland Fl 32721-6043**

Docket or case number (if you know): **2016-300068-CFDB**

Date of the court's decision: **3/30/20**

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **Fifth DCA 300 South Beach Street Daytona Beach Fl 32114-5002**

Docket or case number (if you know): **5D21-1362**

Date of the court's decision: **10/29/2021**

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: **Appeal to 5th DCA, Writ of Certiorari to FSC and SCOTUS**

AO 241
(Rev. 10/07)

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☑ Yes ☐ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☑ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☑ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

AO 241
(Rev. 10/07)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _Rachel M. Brothers P/D_

(b) At arraignment and plea: _Rachel M. Brothers P/D_

(c) At trial: _Rachel M. Brothers P/D_

(d) At sentencing: _Rachel M. Brothers P/D_

(e) On appeal: _Ali Hansen 251 N. Ridgewood Ave Daytona Beach Fl 32114_

(f) In any post-conviction proceeding: _Pro Se_

(g) On appeal from any ruling against you in a post-conviction proceeding: _Pro Se_

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   ☑ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

_The applicant has exhausted the remedies in the courts of the State. There is an absence of available State corrective process, and circumstances exist that render such process ineffective to protect the rights of the Applicant._

AO 241
(Rev. 10/07)

_____
_____
_____
_____
_____
_____
_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 10/07)

    (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: _Immediate Release_

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on __3/9/23__ (month, date, year). To Florida Northern, Attorney General, Michael Phillips.

Executed (signed) on __3/9/23__ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

IN THE CIRCUIT COURT, SEVENTH JUDICIAL CIRCUIT, IN AND FOR VOLUSIA COUNTY, FLORIDA

STATE OF FLORIDA

CASE NO.: 2016-300068 CFDB

v.

MICHAEL DATOKA PHILLIPS,
    Defendant.
_____/

### INTERIM ORDER ON DEFENDANT'S MOTION FOR POST-CONVICTION RELIEF

**THIS MATTER** came before the Court upon Defendant's motion for post-conviction relief filed on March 24, 2020. The Court having considered the motion and the court file, and being otherwise fully advised in the premises, finds as follows:

In Ground A, Defendant appears to allege that a due process violation occurred because there was insufficient evidence to support his conviction. Defendant further appears to allege that the State failed to prove the elements beyond and to the exclusion of every reasonable doubt. Ground A is **STAYED**.

In Ground B, Defendant states that a due process violation occurred when the trial court failed to adhere to Florida Rule of Criminal Procedure 3.210. Defendant also advances arguments against trial counsel, which are realleged in a subsequent ground and will be addressed accordingly. Ground B is **STAYED**.

In Ground C, Defendant argues that the sentence imposed violates the eighth amendment. Defendant further argues that the life sentence imposed is cruel and unusual as he qualified for a youthful offender designation. Ground C is **STAYED**.

In Ground D, Defendant contends that a due process violation occurred due to prosecutorial misconduct. Defendant specifically contends that the trial prosecutor made several improper statements at sentencing. The Court finds that ground is facially insufficient. Defendant fails to allege how the cited portions of the record constitute prosecutorial misconduct. Further, Defendant fails to allege how the cited portions of the record detrimentally affected the outcome

of sentencing. The Court notes that statements that are speculative and conclusory are insufficient for entitlement to post-conviction relief. Therefore, Ground D is **STRICKEN** and Defendant will have **sixty (60) days** leave to amend from the date of the rendition of this order.

In Ground E, Defendant asserts that trial counsel rendered ineffective assistance of counsel when they failed to properly advise him concerning his right to plea not guilty by reason of insanity. Defendant further asserts that trial counsel failed to: (1) conduct adequate legal research, (2) discuss potential strategies, (3) conduct an adequate investigation into the underlying offenses; (4) interview key witnesses; (5) pursue the defense of insanity; (6) present mitigating factors concerning mental health at sentencing; and (7) present mitigation witnesses at sentencing. The Court finds that these assertions are facially insufficient. In relation to all of the assertions, Defendant presents the Court with conclusory and speculative statements without any supporting facts, which will not support entitlement to post-conviction relief. In relation to the failure to interview and present witnesses claims, Defendant fails to: (1) identify the witnesses; (2) identify the testimony or statements that should have been presented; (3) state that the witnesses were available to testify; and (4) state how the omissions prejudiced the outcome of the trial. In relation to the mental health claims Defendant fails to demonstrate deficient performance or prejudice and fails to state facts to demonstrate the applicability of the suggested strategies or defenses. Therefore, Ground E is **STRICKEN** and Defendant will have **sixty (60) days** leave to amend from the date of the rendition of this order.

In Ground F, Defendant alleges that a due process violation occurred because he was incompetent to procced at sentencing. Ground F is **STAYED**.

In Ground G, Defendant argues that the trial prosecutor committed prosecutorial misconduct by presenting arguments that render their actions malice. For the same reasons as stated in Ground D, the Court finds that this ground is facially insufficient. Therefore, Ground G is **STRICKEN** and Defendant will have **sixty (60) days** for the date of the rendition of this order to amend.

2

## RULING

Accordingly, it is hereby **ORDERED** that:

1) **Grounds D, E, and G** are **STRICKEN** and Defendant will have **sixty (60) days** leave to amend from the date of the rendition of this order; and

2) **Grounds A, B, C, and F** are **STAYED** pending the filing of an amendment or until **sixty (60) days** have passed and no amendment has been filed.

*This is a non-final, non-appealable order. Defendant has no right to appeal this order until entry of the final order.*

**DONE AND ORDERED** in Chambers, in Volusia County, Daytona Beach, Florida.

3/30/2020 4:02 PM 2016
300068 CFDB

e-Signed 3/30/2020 4:02 PM 2016 300068 CFDB

**MATTHEW M. FOXMAN**
CIRCUIT COURT JUDGE

cc:  Michael Dakota Phillips, Defendant, D.C. # V52627, Reception and Medical Center (Main Unit-Male), P.O. Box 628, Lake Butler, Florida 32054-0628
The Office of the State Attorney, Post-Conviction Division, eservicevolusia@sao7.org

Michael D. Phillips V52697
Wakulla Correctional Institution
110 Melaleuca Dr
Crawfordville Fl 32327

Flor
United S
111 Nort
Tallaha



Florida Northern
United States Courthouse Annex 3rd Fl
111 North Adams street
Tallahassee Fl 32301

reicieuca Dr
fordNille Fl 32327